UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KIMBERLY S. GAUDREAU, Individually and as ADMINISTRATRIX OF THE ESTATE OF MICHAEL S. GAUDREAU, KRISTIN GAUDREAU, and MICHELLE GAUDREAU,<br>　　Plaintiffs<br>v.<br><br>THE MEMORIAL HOSPITAL, d/b/a THE MEMORIAL HOSPITAL OF RHODE ISLAND, SELWYN MAHON, and THE PROVIDENCE CENTER, INC.,<br>　　Defendants | C.A. No.:<br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

### General Allegations

1.　　Plaintiff Kimberly S. Gaudreau is the surviving spouse of Michael S. Gaudreau, and is a citizen and resident of the City of Pawtucket, in the State of Rhode Island. She brings this action individually, and as Administratrix of the Estate of her deceased husband, Michael S. Gaudreau.

2.　　Plaintiff Kristin Gaudreau is the daughter of Michael S. Gaudreau and is a citizen and resident of the City of Providence, in the State of Rhode Island. She brings this action individually.

3.　　Plaintiff Michelle Gaudreau is the daughter of Michael S. Gaudreau and is a citizen and resident of the City of Pawtucket, in the State of Rhode Island. She brings this action individually.

4.　　Defendant The Memorial Hospital ("Memorial Hospital"), d/b/a The Memorial Hospital of Rhode Island, is a corporation organized and existing under the

1

laws of the State of Rhode Island, with its principal office and place of business in Pawtucket, Rhode Island.

5. Defendant Memorial Hospital is a "covered hospital," as defined by 42 U.S.C. § 1395dd(e)(2), and so it is subject to the provision of provisions of the Emergency Medical Treatment and Labor Act (EMTALA), 42 U.S.C. § 1395dd *et seq*.

6. Defendant Selwyn Mahon, upon information and belief, is a citizen and resident of the State of Rhode Island. At all times mentioned herein, said Defendant was engaged in the practice of medicine in Rhode Island and held himself out as a specialist in the field of emergency medicine. At all times mentioned herein, Defendant Mahon was an employee, agent, apparent agent, and/or servant of Defendant Memorial Hospital, and was acting within the scope of his employment.

7. Defendant The Providence Center, Inc. ("Providence Center") is a corporation organized and existing under the laws of the State of Rhode Island, with its principal office and place of business in Providence, Rhode Island. At all relevant times, Christopher S. Stravato was an employee, agent, apparent agent, and/or servant of the Providence Center, acting within the scope of his employment, and was engaged in the field of mental health assessment and counseling and held himself out to be a specialist therein. At all times mentioned herein, Mr. Stravato was also an apparent agent of Defendant Memorial Hospital.

8. At or about 6:52 p.m. on November 12, 2016, the Rhode Island State Police received a call regarding a "suicidal road walker" on the northbound side of Interstate Route 95 in Pawtucket, Rhode Island. According to the State Police incident

report, the caller "stated that the male party was planning on trying to commit suicide on the highway."

9. The Rhode Island State Police responded to the scene. According to the incident report, Mr. Gaudreau told the responding officers "that he wanted to kill himself and that he had to do it." Rescue was called to the scene.

10. At or about 7:08 p.m. on the evening of November 12, 2017, Michael Gaudreau was transported by rescue to the emergency department of Defendant Memorial Hospital, where he was seen by Defendants Mahon and Providence Center, and various other hospital employees.

11. The EMS responders that transported Michael Gaudreau provided Defendants Memorial Hospital, Mahon, and Providence Center, and various other hospital employees that saw Michael Gaudreau, including registered nurses, with a written incident report that noted that the "Chief Complaint" was "suicidal intentions," and contained the following narrative:

> 47 yr m, suicidal intentions pt was found by state police trying to run in front of cars on route 95 north, pt did not want to be transported to the er state police finally convinced pt to be transported unable to assess vitals transported to memorial w/o incident

12. The registered nurse who performed an Emergency Department Suicide Screen at Memorial Hospital noted that the "[p]olice were called by numerous drivers stating pt was walking across highway trying to kill himself."

13. The same nurse performed a Suicide Risk Nursing Assessment and concluded that Michael Gaudreau was suicidal, that he was depressed over the prior two weeks, that he had suicidal thoughts over the prior two weeks, and that he had a history of suicide attempts. The report of the suicide screen also noted that the patient

denied that he had attempted to injure himself, but nevertheless concluded that he had attempted suicide.

14. Michael Gaudreau was seen by Defendant Mahon, who noted under "History of Present Illness" that:

> The patient presents with POLICE/EMS ESCORTED PATIENT TO ED after patient found on highway drivers claim patient walking into traffic. Patient denies SI/HI. The onset was just prior to arrival. Baseline status: alert and oriented x 4. The exacerbating factor is none. The relieving factor is none. Prior episodes: none. Therapy today: none. Additional history: none.

15. Defendant Mahon concluded that Michael Gaudreau was suffering from "depression." In Defendant Mahon's note under the heading of "Reexamination/Reevaluation," he stated that the "patient being evaluated by psych." According to his note, the "disposition" chosen by Defendant Mahon was "Patient care transitioned to:  Time: 11/13/16 00:09:00, Dr. Simon." There is no record of Defendant Mahon providing any additional care. However, the medical record does not otherwise refer to a "Dr. Simon," and it does not appear from the medical record that Michael Gaudreau was seen by any physician other than Defendant Mahon who apparently signed off at nine minutes after midnight.

16. According to Mr. Stravato's report, Michael Gaudreau was seen by Mr. Stravato at sixteen minutes after midnight on November 13, 2016. Mr. Stavato allegedly performed a Behavioral Health Emergency Services Screening ("BHESS"). According to the BHESS report, Michael Gaudreau "denied experiencing SI earlier that day and described his walk onto the highway as a result of overwhelming anxiety, rumination, and distraction, as he was reportedly walking as a means of catharsis and lost track of his sense of direction." Mr. Stravato concluded that "[p]atient does not present as a risk

4

to himself or others at this time." Mr. Stravato accordingly recommended that Mr. Gaudreau be discharged from the emergency department.

17.     According to a nursing note timed and dated at eighteen minutes after midnight on November 13, 2016, "pt is alert and oriented x3. Pt was seen by PC and deemed safe to be discharged." Seven minutes later Mr. Gaudreau was discharged from the emergency department.

18.     On the morning of November 13, 2016, Michael Gaudreau's body was discovered on the rocky banks of the Seekonk River below the Pawtucket River Bridge on Interstate Route 95 in Pawtucket, approximately ½ mile from Memorial Hospital. Apparently, when he was discharged from Memorial Hospital he went back to Interstate Route 95 and committed suicide.

## Jurisdiction

19.     Plaintiffs brings this Complaint under 28 U.S.C. § 1331, as some of the claims asserted herein are founded on violations of EMTALA, 42 U.S.C. § 1395dd et seq., and the remaining claims arise out a common nucleus of operative facts as the claims based on EMTALA, such that the Court has supplemental jurisdiction over those remaining claims pursuant to 28 U.S.C. §1367(a).

## COUNT I

### EMTALA
### FAILURE TO PROVIDE MEDICAL SCREENING
### DEFENDANT MEMORIAL HOSPITAL

20.     Plaintiffs hereby incorporate Paragraphs 1 through 19 of the Complaint as if set forth fully and at length herein.

21. Defendant Memorial Hospital, by and through its agents, apparent agents, servants and/or employees, undertook the treatment and care of Michael Gaudreau, and offered its services as an emergency medical department.

22. It then and there became the duty of the Defendant Memorial Hospital, its agents, apparent agents, servants and/or employees, to provide Michael Gaudreau with an appropriate medical screening examination which was within the capability of Defendant Memorial Hospital, as required by 42 U.S.C. §1395dd, *et seq*.

23. Nevertheless, Defendant Memorial Hospital disregarded its duty, including but not limited to as aforesaid, and failed to provide Michael Gaudreau with an appropriate medical screening examination within the capability of Defendant Memorial Hospital's emergency department, in violation of 42 U.S.C. §1395dd, *et seq*.

24. As a direct and proximate result of the Defendant Memorial Hospital's violation of 42 U.S.C. §1395dd, *et seq*., including but not limited to as aforesaid, Mr. Gaudreau suffered severe personal injuries, and ultimately died on November 13, 2016.

25. By reason of the foregoing, Plaintiff Kimberly Gaudreau has been and will continue to be deprived of the services, affection, society, and consortium of her late husband, Michael Gaudreau, which damages are recoverable under R.I. Gen. Laws §10-7-1.2(a), and was otherwise damaged.

26. By reason of the foregoing, Plaintiff Kristen Gaudreau has been and will continue to be deprived of parental society and companionship of her late father, Michael Gaudreau, which damages are recoverable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

27. By reason of the foregoing, Plaintiff Michelle Gaudreau has been and will continue to be deprived of parental society and companionship of her late father, Michael Gaudreau, which damages are recoverable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

28. By reason of the foregoing, Michael Gaudreau experienced great pain and suffering of body and mind, and incurred funeral and burial expenses, which damages are recoverable under R.I. Gen. Laws §§ 10-7-5 and 10-7-7, and was otherwise damaged.

29. By reason of the foregoing, the Estate of Michael Gaudreau has suffered damages as set forth in R.I. Gen. Laws §10-7-1 *et seq.*, including pecuniary damages as provided under R.I. Gen. Laws §§ 10-7-1.1 and 10-7-2, and was otherwise damaged.

WHEREFORE, Plaintiffs demand judgment against Defendant Memorial Hospital for money damages, together with interest and costs, and whatever further relief this Court deems just.

## COUNT II

**EMTALA**
**TRANSFER WITHOUT STABILIZATION**
**DEFENDANT MEMORIAL HOSPITAL**

30. Plaintiffs hereby incorporate Paragraphs 1 through 19 of the Complaint as if set forth fully and at length herein.

31. Defendant Memorial Hospital, by and through its agents, servants, and/or employees, undertook the treatment and care of Michael Gaudreau, and offered its services as an emergency medical department.

7

32. Defendant Memorial Hospital, by and through its agents, apparent agents, servants, and/or employees, including but not limited to as aforesaid, determined that Michael Gaudreau was suffering from an emergency medical condition, as defined by 42 U.S.C. §1395dd, et seq.

33. It then and there became the duty of the Defendant Memorial Hospital, its agents, apparent agents, servants and/or employees, to not transfer Mr. Gaudreau until his emergency medical condition had been stabilized, as required by 42 U.S.C. §1395dd, *et seq.*

34. Nevertheless, Defendant Memorial Hospital disregarded its duty, including but not limited to as aforesaid, and transferred Mr. Gaudreau by discharging him.

35. As a direct and proximate result of the Defendant Memorial Hospital's violation of 42 U.S.C. §1395dd, et seq., including but not limited to as aforesaid, Mr. Gaudreau suffered severe personal injuries, and ultimately died on November 13, 2016.

36. By reason of the foregoing, Plaintiff Kimberly Gaudreau has been and will continue to be deprived of the services, affection, society, and consortium of her late husband, Michael Gaudreau, which damages are recoverable under R.I. Gen. Laws §10-7-1.2(a), and was otherwise damaged.

37. By reason of the foregoing, Plaintiff Kristen Gaudreau has been and will continue to be deprived of parental society and companionship of her late father, Michael Gaudreau, which damages are recoverable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

38. By reason of the foregoing, Plaintiff Michelle Gaudreau has been and will continue to be deprived of parental society and companionship of her late father,

Michael Gaudreau, which damages are recoverable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

39. By reason of the foregoing, Michael Gaudreau experienced great pain and suffering of body and mind, and incurred funeral and burial expenses, which damages are recoverable under R.I. Gen. Laws §§ 10-7-5 and 10-7-7, and was otherwise damaged.

40. By reason of the foregoing, the Estate of Michael Gaudreau has suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including pecuniary damages as provided under R.I. Gen. Laws §§ 10-7-1.1 and 10-7-2, and was otherwise damaged.

WHEREFORE, Plaintiffs demand judgment against Defendant Memorial Hospital of money damages, together with interest and costs, and whatever further relief this Court deems just.

## COUNT III

### NEGLIGENCE
### Damages pursuant to R.I.G.L. §§ 10-7-1, 10-7-1.1 and 10-7-2

41. Plaintiffs hereby incorporate Paragraphs 1 through 19 of the Complaint as if set forth fully and at length herein.

42. On or about November 12, 2016 and thereafter, Defendant Selwyn Mahon undertook for a valuable consideration to diagnose, treat and care for Michael Gaudreau.

43. It then and there became and was the duty of Defendant Mahon to exercise that degree of diligence and skill required of the average physician specializing in the field of emergency medicine.

44.  On or about November 12, 2016 and thereafter, Defendant Providence Center undertook for a valuable consideration to diagnose, treat and care for Michael Gaudreau.

45.  It then and there became and was the duty of Defendant Providence Center to exercise that degree of diligence and skill required of the average provider of mental health assessment and counseling.

46.  On or about November 12, 2016 and thereafter, Defendant Memorial Hospital, by and through its agents, apparent agents, servants and employees, undertook for a valuable consideration to diagnose, treat and care for Michael Gaudreau.

47.  It then and there became and was the duty of Defendant Memorial Hospital to exercise that degree of diligence and skill required of the average hospital providing emergency care.

48.  Nevertheless, Defendants Mahon, Providence Center, and Memorial Hospital, and each of them, disregarded their duty, including but not limited to as aforesaid, and failed to exercise said degree of diligence and skill in that they failed to properly diagnose and failed to render adequate, proper, and necessary treatment to Mr. Gaudreau, and were otherwise negligent in their diagnosis, treatment, and care of him.

49.  As a direct and proximate result of the negligence of Defendants Mahon, Providence Center, and Memorial Hospital, Mr. Gaudreau suffered severe personal injuries, and ultimately died on November 13, 2016.

WHEREFORE, Plaintiff Kimberly Gaudreau, in her capacity as Administratrix of the Estate of Michael Gaudreau, demands judgment against Defendants Memorial Hospital, Selwyn Mahon, and Providence Center, and each of them, jointly and severally, for money damages under R.I. Gen. Laws §§10-7-1, 10-7-1.1, and 10-7-2, together with interest and costs and such further relief as this Court deems just and reasonable.

## COUNT IV

### NEGLIGENCE
### Damages pursuant to R.I.G.L. §§ 10-7-5 through 10-7-7

50. Plaintiffs re-state and re-allege paragraphs 1-19 and 42-49, as if fully set forth herein.

51. As a further direct and proximate result of the negligence of Defendants Mahon, Providence Center, and Memorial Hospital, Michael Gaudreau experienced great pain and suffering of body and mind, and incurred funeral and burial expenses.

WHEREFORE, Plaintiff Kimberly Gaudreau, in her capacity as Administratrix of the Estate of Michael Gaudreau, demands judgment against Defendants Memorial Hospital, Selwyn Mahon, and Providence Center, and each of them, jointly and severally, for money damages under R.I. Gen. Laws §§10-7-5 through 10-7-7, together with interest and costs and such further relief as this Court deems just and reasonable.

## COUNT V

### NEGLIGENCE
### Kimberly Gaudreau
### Loss of Consortium

52. Plaintiffs re-state and re-allege paragraphs 1-19 and 42-49 as if fully set forth herein.

53.     As a direct and proximate result of the negligence of Defendants Mahon, Providence Center, and Memorial Hospital, Plaintiff Kimberly Gaudreau was permanently deprived of the consortium of her husband Michael Gaudreau.

WHEREFORE, Plaintiff Kimberly Gaudreau demands judgment against Defendants Memorial Hospital, Selwyn Mahon, and Providence Center, and each of them, jointly and severally, for damages pursuant to R.I. Gen. Laws § 10-7-1.2(a), together with interest and costs and such further relief as this Court deems just and reasonable.

## COUNT VI

### NEGLIGENCE
### Kristin Gaudreau
### Loss of Parental Society and Companionship

54.     Plaintiffs re-state and re-allege paragraphs 1-19 and 42-49 as if fully set forth herein.

55.     As a direct and proximate result of the negligence of Defendants Mahon, Providence Center, and Memorial Hospital, Plaintiff Kristin Gaudreau was permanently deprived of the society and companionship of her father Michael Gaudreau.

WHEREFORE, Plaintiff Kimberly Gaudreau demands judgment against Defendants Memorial Hospital, Selwyn Mahon, and Providence Center, and each of them, jointly and severally, for damages pursuant to R.I. Gen. Laws § 10-7-1.2(b), together with interest and costs and such further relief as this Court deems just and reasonable.

### **COUNT VII**

**NEGLIGENCE**
**Michelle Gaudreau**
**Loss of Parental Society and Companionship**

56. Plaintiffs re-state and re-allege paragraphs 1-19 and 42-49 as if fully set forth herein.

57. As a direct and proximate result of the negligence of Defendants Mahon, Providence Center, and Memorial Hospital, Plaintiff Michelle Gaudreau was permanently deprived of the society and companionship of her father Michael Gaudreau.

WHEREFORE, Plaintiff Michelle Gaudreau demands judgment against Defendants Memorial Hospital, Selwyn Mahon, and Providence Center, and each of them, jointly and severally, for damages pursuant to R.I. Gen. Laws § 10-7-1.2(b), together with interest and costs and such further relief as this Court deems just and reasonable.

> Plaintiffs Kimberly Gaudreau, individually and as Administratrix of the Estate of Michael Gaudreau, Kristen Gaudreau, and Michelle Gaudreau,
> Through their attorney,
>
> /s/ Stephen P. Sheehan
> Stephen P. Sheehan, Esq. (#4030)
> Wistow, Sheehan & Loveley, PC
> 61 Weybosset Street
> Providence, RI  02903
> (401) 831-2700
> (401) 272-9752 (f)

Dated:  September 22, 2017